UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL C. BRIDGES, | ) |  |
|---|---|---|
| Petitioner | ) |  |
| v. | ) | No. 3:02cv0717 AS |
| CECIL DAVIS, | ) |  |
| Respondent | ) |  |

## *MEMORANDUM AND ORDER*

On October 3, 2002, *pro se* petitioner, Michael C. Bridges, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 3, 2003, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. He was the subject of a prison disciplinary proceeding and was sanctioned to 180 days of earned credit time deprivation, which was reduced on appeal to 90 days earned time credit deprivation, which still implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The designation of proceeding was ISP 99-01-0196, which was had at the ISP in 1999. Since this Court has taken the judicial chopping ax to the relevant statute of limitations, that cannot be an issue here even though it might otherwise be.

Once again, this Court must deal with the recurring problem of urine specimens. *See Wykoff v. Resig*, 613 F.Supp. 1504 (N.D.Ind. 1985), *aff'd by unpub. order*, 819 F.2d 1143 (7th Cir. 1987).[1] The Attorney General has placed before this Court a series of documents designated A through R, both inclusive, which this Court has examined and which explicate in great detail the proceedings involved. This petitioner refused to give a urine specimen as a part of a random drug testing program and the arguments about chain of custody would appear to be irrelevant. He listed three witnesses and all three provided witness statements that are part of the record in this case. A hearing was had in February 1999. There was an appeal and the sanction was reduced by half.

There is no right in these proceedings to confront and cross examine witnesses as if these proceedings were a criminal trial under Article VI of the Constitution of the United

---

[1] *Wykoff* has found favor in at least two other circuits. *See Spence v. Farrier*, 807 F.2d 753, 756 (8th Cir. 1986); *Chaney v. Southern Railway Co.*, 847 F.2d 718, 721 (11th Cir. 1988). District Courts in the Second, Sixth, Seventh, and Ninth circuits have also cited to this Court's decision in *Wykoff* with approval, *See Fowler v. New York City Dept. of Sanitation*, 704 F. Supp. 1264, 1272 (S.D.N.Y. 1989); *Loworn v. City of Chattanooga, Tennessee*, 647 F. Supp. 875, 877 (E.D. Tenn., S.D. 1986); *Holm v. Haines*, 734 F. Supp. 366, 371 (W.D. Wis. 1990); *Pella v. Adams*, 638 F. Supp. 94, 97 ( D. Nev. 1986); *Amalgamated Transit Union, Local 1277, AFL-CIO v. Sunline Transit Agency*, 663 F. Supp. 1560, 1570 (C.D. Cal. 1987); as have state courts in Alabama, Idaho, Indiana, Maryland, and New York. *See Martin v. State*, 616 So.2d 384, 387 (Ala. Crim. App. 1993); *Works v. State*, 575 So.2d 622, 624 (Ala. Crim. App. 1991); *Driver v. State*, 576 So.2d 675, 677 (Ala. Crim. App. 1991); *Martin v. State*, 562 So.2d 294, 296 (Ala. Crim App. 1990); *Bourgeois v. Murphy*, 809 P.2d 472, 474 (Idaho Sup. Ct. 1991); *Penrod v. State*, 611 N.E. 2d 653, 654 (Ind. Ct. App. 1993); *Wilson v. State*, 521 A.2d 1257, 1261 (Md. Ct. Spec. App. 1987); *Lahey, et al. v. Kelly*, 524 N.Y.S.2d 30, 33 (N.Y. 1987); *Vasquez v. Coughlin*, 118 A.2d 897, 898 (N.Y. Sup. Ct. 1986).

States. Therefore, the procedures with reference to hearing Officer Mason do not invoke a federal constitutional protection, as interpreted in *Wolff*. The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

There is certainly no Eighth Amendment right implicated here. *See Harmelin v. Michigan*, 501 U.S. 957 (1991), and *Solem v. Helm*, 463 U.S. 277 (1983). Neither is there a Fourth Amendment issue here, as this Court explicated in *Wykoff*. This petitioner has presented no basis for relief here under 28 U.S..C. §2254. The petition is now **DENIED. IT IS SO ORDERED.**

**DATED:** June 30, 2003

s/Allen Sharp
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**